NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

OGER JUNIOR RODRIGUEZ, *Appellant.*

No. 1 CA-CR 18-0576
FILED 12-12-2019

Appeal from the Superior Court in Maricopa County
No.  CR2017-153438-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, PLC
By Amy E. Bain
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jennifer M. Perkins joined.

---

**M c M U R D I E**, Judge:

¶1        Oger Junior Rodriguez appeals his convictions for one count of forgery and one count of criminal trespass in the second degree, a Class 4 felony and Class 2 misdemeanor respectively, and the resulting sentences. Rodriguez's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Rodriguez was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Rodriguez's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        On November 19, 2017, Michael Tolle was working late in his office, which was located within a gated commercial property. The gate was locked, and the fence surrounding the property measured six-feet tall and had barbwire across the top. Around 6:00 p.m., Rodriguez, shirtless, came into Tolle's unlocked office. Startled because no one else should have been on the property, Tolle asked him to leave and called the police. Rodriguez left the office and began wandering around a freight trailer located on the property. Within 30 minutes, Officer Cameron Estes arrived with a canine unit and found Rodriguez lying on a bed inside one of the trailers. Estes handcuffed Rodriguez, and Tolle identified him as the man in his office. Estes asked Rodriguez for his name, birthday, and social security number. However, there was no record in the Arizona or national databases under the name and social security number he provided. Rodriguez then gave a different social security number with incorrect digits. Estes arrested him for criminal trespassing and failing to provide identification upon lawful detention.

¶3        Estes took Rodriguez to the police station for fingerprinting. Estes had Rodriguez read a false swearing affidavit, which warned him that

it was a felony to fail to provide a real name on the fingerprint card. Rodriguez signed the fingerprint card using the same fake name and a different social security number than the two he gave Estes earlier, but the fingerprint scan identified Rodriguez's real information. Estes discovered that Rodriguez had a misdemeanor warrant from Mesa.

**¶4** The State charged Rodriguez with one count each of forgery, a class 4 felony, and criminal trespass in the second degree, a class 2 misdemeanor. Rodriguez pled not guilty to both charges with assistance from his attorney. At a pretrial conference, the court recommended the parties participate in a settlement conference. Rodriguez did not accept the State's plea offer during the settlement conference and was advised of the charges against him and the potential consequences if he lost at trial.

**¶5** At the jury trial, Tolle testified about Rodriguez's presence on his property and the locked gate and fence surrounding his office. Estes testified about finding and arresting Rodriguez, receiving Rodriguez's false information, and taking his digital fingerprints. Rodriguez and the State stipulated to the admissibility and accuracy of the digital prints. After the State's case, Rodriquez moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20, which the court denied. Rodriguez elected not to testify in his defense. The jurors found Rodriguez guilty as charged.

**¶6** At sentencing, Rodriguez waived his right to a trial on the allegation of historical prior felony convictions. The court found at least two historical prior felony convictions and sentenced him to concurrent terms of imprisonment with the Arizona Department of Corrections for seven years on the felony and one month on the misdemeanor, with 54 days' presentence incarceration credit. Rodriguez objected to the court's calculation of the presentence incarceration credit, arguing he was entitled to 265 days. The court overruled his objection, noting that Rodriguez remained under the jurisdiction of the State Department of Corrections when he was initially taken into custody because he was on community supervision at the time of the current offenses. Therefore, the law required the sentences to run consecutively to the undischarged term, and Rodriguez only began to accrue presentence incarceration credit after the undischarged term expired. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-711(B); A.R.S. § 13-712(B) ("All time actually spent in custody pursuant to an offense until the prisoner is sentenced to *imprisonment for such offense* shall be credited against the term of imprisonment . . . ." (emphasis added)); *State v. Lambright*, 243 Ariz. 244, 252, ¶ 23 (App. 2017) (court correctly gave presentence incarceration credit only from the time of discharge from prior

prison terms). Rodriguez timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7** We have read and considered Counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶8** Rodriguez was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Rodriguez all his constitutional and statutory rights, and the proceedings were conducted following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was enough to support the jury's verdicts. Rodriguez's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶9** Rodriguez's convictions and sentences are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Rodriguez's representation in this appeal will end after informing Rodriguez of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by a petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED: AA